■ MILDRED L. STAGNITTI, as Administratrix of the Estate of JOHN E. LANDRY, Deceased, Respondent, v. MARYLEE NEWBERRY et al., Appellants.— Appeal from an order of the Supreme Court, Trial Term, Madison County, setting aside a verdict of no cause of action. This action is to recover damages for the alleged wrongful death of a seven-year-old boy who was struck by a vehicle owned by the defendants. The answer contains no allegation of contributory negligence and it was not asserted at the trial. However, in charging the jury the Trial Judge included the law of contributory negligence applicable to infants in death actions. At the completion of the charge, in a conference at the bench, plaintiff's counsel expressed some indecision whether he should take an exception to the charge insofar as it related to contributory negligence and was persuaded not to do so. After the jury rendered its verdict, plaintiff's counsel moved to set aside the verdict and then made clear that the defendants had not pleaded the contributory negligence of the deceased infant. The verdict was set aside and the defendants have appealed. Since an issue had been submitted to the jury which was not proper in the case, and since it is impossible to determine whether the jury found the driver of the defendants' vehicle not negligent or that the deceased infant was negligent, the error was prejudicial and the verdict was properly set aside. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.